UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYLE ROSCHLI and
LINDEN ARAKAWA,

    Plaintiffs,

v.                                                                       CASE NO.: 8:13 cv 2257/33 TBM

NATIONAL CREDIT AUDIT                          VERIFIED COMPLAINT FOR
CORPORATION, and                                    UNLAWFUL COLLECTION
FST LEMANS, LLC,                                       PRACTICES

    Defendants.                                           JURY TRIAL DEMANDED
_____/

## VERIFIED COMPLAINT

Plaintiffs Kyle Roschli and Linden Arakawa ("Plaintiffs"), by and through undersigned counsel, sues National Credit Audit Corporation and FST Lemans, LLC, and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Fla. Stat. § 559.55 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiffs bring, among other claims, claims under the federal Fair Debt Collection Practices Act, 15



1

U.S.C. § 1692 *et seq.*, and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4  Plaintiffs Linden Arakawa ("Mr. Arakawa") and Kyle Roschli ("Mr. Roschli" together with Mr. Arakawa as "Plaintiffs"), are natural persons resident in the City of Tampa, County of Hillsborough, State of Florida, and are "consumers," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

5. Defendant National Credit Audit Corporation, is an Illinois corporation ("NCAC"), does business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227. Specifically, NCAC regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another including debts purchased from another.

6. Defendant FST Lemans, LLC, is a Florida corporation ("FST" along with NCAC as "Defendants"), is the entity asserting that it is owed a debt, does business is the State of Florida, and is a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227. For all events described herein, NCAC was acting on behalf of FST as an agent of FST and FST was a client of NCAC.

7. The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants

were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## FACTUAL ALLEGATIONS

8. Plaintiffs are alleged to owe a debt (the "Alleged Debt") in relation to a terminated lease with FST. The Alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5) because it is for primarily personal, family, or household purposes. Plaintiffs disputed a portion of that debt and did not make payments on the debt during the dispute.

9. In May 2013, FST placed the Alleged Debt with NCAC for purposes of attempting to collect the Alleged Debt, including sending correspondence and placing collection telephone calls to Plaintiffs. NCAC is an agent of FST.

10. On or around May 14, 2013, NCAC sent correspondence to Plaintiffs indicating that they were going to attempt to collect on the Alleged Debt in the amount of $151.07. Exhibit 1.

11. On May 15, 2013, Plaintiffs sent written correspondence to NCAC indicating that, pursuant to 15 USC § 1692g, they were disputing the Alleged Debt. Exhibits 2 and 3. Plaintiffs stated that all communication by NCAC to Plaintiffs was to cease during the course of the investigation pertaining to verification of the Alleged Debt. Specifically, Plaintiffs letter stated that no telephone contact was to be made or attempted by NCAC to Plaintiffs' home or place of employment and that any attempted telephone communication would be considered harassment and that all future communication with Plaintiffs must be done in writing.

12. Beginning in May 2013, Defendants began a series of abusive and harassing debt collection telephone calls to Plaintiffs' home, employer and cell phones in violation of state and federal law. These telephone calls continued through May, June, July and August 2013, including after the written correspondence from Plaintiffs was received by NCAC demanding that collection telephone calls cease and disputing the Alleged Debt.

13. On June 18, 2013, Plaintiffs sent a second copy of the correspondence described in paragraph 11 of this complaint via Fed Ex to NCAC. Based upon information and belief, Fed Ex delivered, and NCAC received, the second copy on June 20, 2013, at 11:53 a.m. Exhibits 4, 5 and 6.

14. Additional copies of the correspondence referenced in paragraphs 11 and 13 were sent by certified mail and verified as having been recieved by NCAC on June 20, 2013. Exhibit 7.

15. Defendants made collection telephone calls to Plaintiffs' places of employment after being told not to call Plaintiffs at their places of employment. On at least twenty (20) occasions, Defendants telephoned Plaintiffs' place of employment after being instructed not to call Plaintiffs' place of employment.

16. Defendants continued to make collection telephone calls to Plaintiffs' cell phones after being told to stop calling Plaintiffs' cell phones. Notably, Plaintiffs' cell phone numbers were not provided as part of the transaction that resulted in the Alleged Debt, and Plaintiffs never gave express consent to be called at their cell phone numbers.

17. Defendants continued to make collection telephone calls to Plaintiffs after Plaintiffs

informed Defendant that the Alleged Debt was disputed, that Plaintiffs had no intention of paying the Alleged Debt, to stop harassing Plaintiffs, and that Plaintiffs wanted to receive no further telephone calls from NCAC.

18. Defendants made collection telephone calls using rude language that asserted rights that do not exist by stating that Defendants "can call whenever [Defendants] want to call" and that Defendants "can call whatever number [Defendants] want to call" and that they will "destroy [Plaintiffs'] credit."

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT NCAC

19. This is an action against NCAC for violations of 15 U.S.C. § 1692 *et seq*.

20. Plaintiffs reallege and reincorporate paragraphs 1 through 18, as if fully set forth herein.

21. NCAC, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiffs.

22. Through the conduct described in paragraphs 8 - 18 above, NCAC violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692c

23. Section 15 U.S.C. § 1692c provides, in pertinent part, as follows:

> **(a) Communication with the consumer generally**
>
> > Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may

not communicate with a consumer in connection with the collection of any debt --

>   (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. [portion omitted]
>
>   (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

### (c) Ceasing communication

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
>   (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
>   (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
>   (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

## <u>15 U.S.C. § 1692d</u>

24. Section 15 U.S.C. § 1692d provides, in pertinent part, as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>   (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
>   (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or

harass any person at the called number.

### 15 U.S.C. §1692e

25. Section 15 U.S.C. § 1692e provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of —
>
> (A) The character, amount, or legal status of any debt;
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

### 15 U.S.C. § 1692f

26. Section 15 U.S.C. §1692f provides, in pertinent part, as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

27. NCAC violated the above sections of the FDCPA when Defendants: (1) made collection telephone calls to Plaintiffs' places of employment after being told not to call Plaintiffs at their places of employment on at least twenty (20) occasions; (2) continued to make collection telephone calls to Plaintiffs' cell phones on cell phone numbers that were not provided at part of the transaction that resulted in the Alleged Debt, including continuing to make collection calls to Plaintiffs' cell phone after being told to stop calling Plaintiffs' cell phones and; (3) made collection telephone calls to Plaintiffs after Plaintiffs informed Defendants that the Alleged Debt

constitutes "communication," as defined by Fla. Stat. § 559.55(5).

33. Through the conduct described in paragraphs 8 - 18 above, NCAC violated the following provisions of the FCCPA:

34. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

> (8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is no legitimate or assert the existence of some other legal right when such person knows that the right does not exist

35. NCAC violated the above sections of the FCCPA when Defendants: (1) made collection telephone calls to Plaintiffs' places of employment after being told not to call Plaintiffs at their places of employment on at least twenty (20) occasions; (2) continued to make collection telephone calls to Plaintiffs' cell phones on cell phone numbers that were not provided at part of the transaction that resulted in the Alleged Debt, including continuing to make collection calls to Plaintiffs' cell phone after being told to stop calling Plaintiffs' cell phones and; (3) made collection telephone calls to Plaintiffs after Plaintiffs informed Defendants that the Alleged Debt was disputed, that Plaintiffs had no intention of paying the Alleged Debt, to stop harassing Plaintiffs and that Plaintiffs wanted to receive no further telephone calls; and (4) made collection telephone calls using rude language that asserted rights that do not exist by stating that

9

Defendants "can call whenever [Defendants] want to call" and that Defendants "can call whatever number [Defendants] want to call" and that they will "destroy [Plaintiffs'] credit."

36. All conditions precedent to this action have occurred, have been satisfied or have been waived.

37. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, NCAC is liable to Plaintiffs for their actual damages, statutory damages, and reasonable attorney's fees and costs.

38. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendants as described herein, Plaintiffs are also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiffs respectfully request this Court to enter a judgment against NCAC, finding that NCAC violated the FCCPA, awarding Plaintiffs actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE TCPA BY NCAC

39. This is an action against NCAC for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

40. Plaintiffs re-alleges and reincorporate paragraphs 1 through 18, as if fully set forth here-in.

41. NCAC, in the conduct of its business, used an automatic telephone dialing system as

defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiffs.

42. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

43. NCAC violated 47 U.S.C. § 227(b)(1)(A)(iii) when NCAC placed collection calls to Plaintiffs' cell phones without Plaintiffs' express consent to make calls to Plaintiffs' cell phones using an automatic telephone dialing system.

44. NCAC willfully, knowingly, and intentionally made multiple calls to Plaintiffs' cell phones utilizing an automatic telephone dialing system after Plaintiffs told NCAC that NCAC did not have permission to call Plaintiffs' cell phones.

45. All conditions precedent to this action have occurred, have been satisfied or have been waived.

46. As a result of the above violation of the TCPA, NCAC is liable to Plaintiffs for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

47. Based upon the willful, knowingly, and intentional conduct of the NCAC as described above, Plaintiffs are also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. §

227(b)(3).

**WHEREFORE,** Plaintiffs respectfully request this Court enter a judgment against the NCAC: (1) finding NCAC violated the TCPA; (2) awarding Plaintiffs actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding NCAC willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

## VIOLATION OF THE FCCPA AS TO DEFENDANT FST

48. This is an action against FST for violation of Fla. Stat. § 559.55 et seq.

49. Plaintiffs re-allege and incorporate paragraphs 1 through 18, as if fully set forth herein.

50. FST communicated certain information to Plaintiffs as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

51. Through the conduct described in paragraphs 1-18 above, FST violated the following provisions of the FCCPA:

52. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating

with the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is no legitimate or assert the existence of some other legal right when such person knows that the right does not exist

53. FST violated the above sections of the FCCPA when Defendants: (1) made collection telephone calls to Plaintiffs' places of employment after being told not to call Plaintiffs at their places of employment on at least twenty (20) occasions; (2) continued to make collection telephone calls to Plaintiffs' cell phones on cell phone numbers that were not provided at part of the transaction that resulted in the Alleged Debt, including continuing to make collection calls to Plaintiffs' cell phone after being told to stop calling Plaintiffs' cell phones and; (3) made collection telephone calls to Plaintiffs after Plaintiffs informed Defendants that the Alleged Debt was disputed, that Plaintiffs had no intention of paying the Alleged Debt, to stop harassing Plaintiffs, and that Plaintiffs wanted to receive no further telephone calls; and (4) made collection telephone calls using rude language that asserted rights that do not exist by stating that Defendants "can call whenever [Defendants] want to call" and that Defendants "can call whatever number [Defendants] want to call" and that they will "destroy [Plaintiffs'] credit."

54. All conditions precedent to this action have occurred, have been satisfied or have been waived.

55. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, FST is liable to Plaintiffs for their actual damages, statutory damages, and reasonable attorney's fees and costs.

56. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendants as described herein, Plaintiffs are also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiffs respectfully request this Court to enter a judgment against FST, finding that FST violated the FCCPA, awarding Plaintiffs actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## COUNT V
### VIOLATION OF THE TCPA BY DEFENDANT FST

57. This is an action against FST for violations of the TCPA, 47 U.S.C. § 227 et seq.

58. Plaintiffs re-alleges and reincorporate paragraphs 1 through 18, as if fully set forth here-in.

59. FST, in the conduct of its business, used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiffs.

60. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

61. FST violated 47 U.S.C. § 227(b)(1)(A)(iii) when NCAC placed collection calls to

Plaintiffs' cell phones without Plaintiffs' express consent using an automatic telephone dialing system.

62. FST willfully, knowingly, and intentionally made multiple calls to Plaintiffs' cell phones utilizing an automatic telephone dialing system after Plaintiffs told NCAC that NCAC did not have permission to call Plaintiffs' cell phones.

63. All conditions precedent to this action have occurred, have been satisfied or have been waived.

64. As a result of the above violation of the TCPA, FST is liable to Plaintiffs for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

65. Based upon the willful, knowingly, and intentional conduct of the FST as described above, Plaintiffs are also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against the FST: (1) finding FST violated the TCPA; (2) awarding Plaintiffs actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding FST willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Dated: August 29, 2013

Respectfully Submitted,

**CENTRONE & SHRADER, LLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax:   (813) 336-0832

_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiffs

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF, Kyle Roschli

I, Kyle Roschli, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

I am a Plaintiff in this civil proceeding.

I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Kyle Roschli

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF,
<u>Linden Arakawa</u>

I, Linden Arakawa, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

I am a Plaintiff in this civil proceeding.

I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Linden Arakawa